# Case No. 4,186.

## DURAND v. HOLLINS.

[4 Blatchf. 451; [1] 43 Hunt, Mer. Mag. 583.]

Circuit Court, S. D. New York. Sept. 13, 1860.

William Tracy and John A. Manning, for plaintiff.
John McKeon, Dist. Att'y, for defendant.

NELSON, Circuit Justice. The principal ground of objection to the pleas, as a de-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

fence of the action, is, that neither the president nor the secretary of the navy had authority to give the orders relied on to the defendant, and, hence, that they afford no ground of justification.

The executive power, under the constitution, is vested in the president of the United States (article 2, § 1). He is commander-in-chief of the army and navy, (Id. § 2), and has imposed upon him the duty to "take care that the laws be faithfully executed" (Id. § 3). In organizing a government under the constitution, an executive department, called the "Department of Foreign Affairs," was established, and a principal officer, called the "Secretary for the Department of Foreign Affairs," placed at its head, to "execute such duties as shall, from time to time, be enjoined on or intrusted to him by the president of the United States, agreeable to the constitution, relative to correspondences, commissions, or instructions to or with public ministers or consuls from the United States, or to negotiations with public ministers from foreign states or princes, or to memorials or other applications from foreign public ministers or other foreigners, or to such other matters respecting foreign affairs as the president of the United States shall assign to the said department; and, furthermore, that the said principal officer shall conduct the business of the said department in such manner as the president of the United States shall from time to time order or instruct." Act Cong. July 27, 1789, § 1 (1 Stat. 28). By a subsequent act, this department has been denominated the "Department of State," and the head of it the "Secretary of State." There was also established another executive department, denominated the "Department of the Navy," the chief officer of which is called the "Secretary of the Navy," "whose duty it shall be to execute such orders as he shall receive from the president of the United States, relative to the procurement of naval stores and materials, and the construction, armament, equipment and employment of vessels of war, as well as all other matters connected with the naval establishment of the United States." Act Cong. April 30, 1798, § 1 (1 Stat. 553).

As the executive head of the nation, the president is made the only legitimate organ of the general government, to open and carry on correspondence or negotiations with foreign nations, in matters concerning the interests of the country or of its citizens. It is to him, also, the citizens abroad must look for protection of person and of property, and for the faithful execution of the laws existing and intended for their protection. For this purpose, the whole executive power of the country is placed in his hands, under the constitution, and the laws passed in pursuance thereof; and different departments of government have been organized, through which this power may be most conveniently executed, whether by negotiation or by force—a department of state and a department of the navy.

Now, as it respects the interposition of the executive abroad, for the protection of the lives or property of the citizen, the duty must, of necessity, rest in the discretion of the president. Acts of lawless violence, or of threatened violence to the citizen or his property, cannot be anticipated and provided for; and the protection, to be effectual or of any avail, may, not unfrequently, require the most prompt and decided action. Under our system of government, the citizen abroad is as much entitled to protection as the citizen at home. The great object and duty of government is the protection of the lives, liberty, and property of the people composing it, whether abroad or at home; and any government failing in the accomplishment of the object, or the performance of the duty, is not worth preserving.

I have said, that the interposition of the president abroad, for the protection of the citizen, must necessarily rest in his discretion; and it is quite clear that, in all cases where a public act or order rests in executive discretion neither he nor his authorized agent is personally civilly responsible for the consequences. As was observed by Chief Justice Marshall, in Marbury v. Madison, 1 Cranch [5 U. S.] 165: "By the constitution of the United States, the president is invested with certain important political powers, in the exercise of which he is to use his own discretion, and is accountable only to his country in his political character, and to his own conscience. To aid him in the performance of these duties, he is authorized to appoint certain officers, who act by his authority, and in conformity with his orders. In such cases, their acts are his acts, and, whatever opinion may be entertained of the manner in which executive discretion may be used, still there exists, and can exist, no power to control that discretion. The subjects are political. They respect the nation, not individual rights, and, being intrusted to the executive, the decision of the executive is conclusive." This is a sound principle, and governs the present case. The question whether it was the duty of the president to interpose for the protection of the citizens at Greytown against an irresponsible and marauding community that had established itself there, was a public political question, in which the government, as well as the citizens whose interests were involved, was concerned, and which belonged to the executive to determine; and his decision is final and conclusive, and justified the defendant in the execution of his orders given through the secretary of the navy.

Judgment for defendant.